Bay, J.
concurred, that' the real value of the property at the time of the eviction, and not the consideration money paid, was the true measure of damages. That damages were the compensation given by law, for the loss a man sustained by the breach of warranty. Then the loss was the real value, or what the property would have sold for at the time of eviction. To give less, would not be doing the plaintiff justice. He relied on the case of Liber and wife v. The executors’ of Parsons, which he thought had been determined upon very just and legal principles. As to the case of Stitt v. Eveleigh, it was an exception out of the *267 general rule, as it was founded on a speculative negro con» tract, made in the course of the depreciation of t]ie paper currency, under very peculiar circumstances; in which the jury had exercised a proper discretion, -which was acquiesced in by the parties. But he did not conceive that case as by any means fixing the law, or even calling in question the case quoted by the plaintiff’s counsel.
Pringle and Lining, for the plaintiffs.
Pinckney and Rutledge, for the defendant.
The jury found for the plaintiffs, and declared in delivering their verdict, that they were governed by the real value at the time of the eviction, though they thought the plaintiffs had valued the land too high.